[No. 20302. *En Banc.* June 27, 1927.]

THE STATE OF WASHINGTON, *Respondent*, v. CHARLES T. WHITE, *Appellant.*[1]

[1] EMBEZZLEMENT (20)—TRIAL—INSTRUCTIONS. Where, in a prosecution of an officer and servant of a city for alleged embezzlement of collections, it appears that a check for certain supplies was made payable to defendant and cashed and deposited to his personal account, and the city's ownership of the supplies was questioned, defendant, claiming to own them, is entitled to instructions that, to convict, the supplies must have been owned by the city and the money received by the defendant as an officer of the city in payment therefor.

Appeal from a judgment of the superior court for Chelan county, Parr, J., entered February 6, 1926, upon a trial and conviction of embezzlement. Reversed.

*Fred M. Crollard* and *D. A. Shiner,* for appellant.
*Sam R. Sumner* and *J. A. Adams,* for respondent.

FRENCH, J.—Defendant was tried and convicted on an information the charging part of which is as follows:

"That the said Charles T. White, in the county of Chelan, and state of Washington, from on or about the first day of May, 1923, and from thence continuously to on or about the first day of November, 1924, being then and there an officer, servant, agent and employee of the city of Wenatchee, a municipal corporation of the state of Washington, did then and there have entrusted to him during the period herein mentioned and

[1]Reported in 257 Pac. 387.

have in his possession, custody and control, as and by virtue of his being such officer, servant, agent and employee of the said city of Wenatchee, the sum of one thousand nine hundred thirty-one and 07/100 ($1,-931.07) dollars, the property of the said city of Wenatchee; and that the said Charles T. White, then and there being, and during such period, did then and there unlawfully, wilfully, fraudulently and feloniously convert, secrete, withhold and appropriate the said one thousand nine hundred thirty-one and 07/100 ($1,-931.07) dollars to his own use, with intent to deprive and defraud the said city of Wenatchee thereof, contrary to the form of the statute in such cases made and provided and against the peace and dignity of the state of Washington."

In conjunction with, and as a part of the above information, the state furnished a bill of particulars, setting forth more than twenty-five different items which it claims to have been misappropriated, and covering a period of some seven or eight months. As tending to show the plan pursued and the criminal intent on the part of defendant, a large number of other transactions were detailed by witnesses, some prior and some subsequent to the ones set out in the bill of particulars.

There are a vast number of exhibits, and the statement of facts consists of more than seven hundred typewritten pages.

Complaint is made of the admission and rejection of testimony; error in giving instructions, and the refusal of the court to give requested instructions, and also predicated upon the refusal of the court to withdraw from the consideration of the jury all of the testimony, save and except as the same related to the one item of $325.89, alleged to have been received from the Standard Asphalt Paving Company. We are precluded from setting forth the testimony by reason of its length, and no good purpose could, in any event,

be served thereby. It has been carefully read and re-read, checked and re-checked, and, with the exception of the one item mentioned of $325.89, we can find no evidence in the record which would indicate that this defendant ever had in his possession or under his control any of the sums of money mentioned in the information.

[1] The money alleged to have been taken by the defendant was but a small part of the many thousands of dollars paid to the city of Wenatchee by water users, or in connection with the water department. These payments were made by hundreds of different individuals, none of whom, so far as the record shows, ever paid a dollar to the defendant. The collections were made for the most part through a window in an office that was occupied by the city clerk, city treasurer, the defendant, and certain other employees, and none of these people, so far as the record in this case discloses, ever saw the defendant collect any money, or, so far as the record goes, ever saw the defendant handle any money. Indeed, during practically all of the time covered by the bill of particulars and involving the items in question, it would seem that under the ordinances of the city, so far as we are able to gather from the testimony, and at least under the prevailing custom, it was no part of the defendant's duty to actually handle, or have charge of, the collections.

As to the item of $325.89, the testimony is conclusive as shown by the exhibits, that a check in this amount from the Standard Asphalt Paving Company of Spokane, was made payable to the defendant, and was by him cashed and deposited to his personal account. This was given in payment for certain supplies furnished to the Asphalt Paving Company from the city's warehouse. The record is unsatisfactory on the question of the city's ownership of these supplies, the

defendant claiming that these supplies belonged to him personally.

Certain instructions were requested by the defendant covering the matter, which were not given by the court.

We think the jury should have been told by appropriate instructions that, before the defendant could be convicted for misappropriating this particular item, the supplies in question must have been owned by the city, and that the money received by the defendant was received by him as an officer of the city in payment for them.

The cause is reversed, with instructions to the lower court to grant a new trial.

MACKINTOSH, C. J., PARKER, MAIN, MITCHELL, TOLMAN, and HOLCOMB, JJ., concur.